UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH M. PETTIS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:08CV1181RWS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

On August 12, 2008, Petitioner Kenneth M. Pettis moved this Court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Pettis's claims appear to be that (1) the Government agreed to give him credit for time in custody before he was sentenced; (2) Pettis should be released on August 16, 2008 because he had already served 21 months on a 24 month sentence; (3) Pettis was granted insufficient time in a community correction facility; and (4) that his attorney was ineffective for failing to order a transcript which Pettis could have used to show the Court that the Government agreed to give Pettis credit for the time he was in federal custody.

On November 28, 2008, the Bureau of Prisons released Pettis from confinement. The only relief Pettis requested was to be released on August 16, 2008: (i.e. "I only ask I be grant immediately release by August 16, 2008;" and "Asking Judge to release me August 16, 2008 with 12 days more good time credit").

Based on the above-mentioned facts, on December 11, 2008, this Court ordered Pettis to show cause why his motion to vacate, set aside or correct his sentence under § 2255 should not be denied as moot. Pettis'sresponse to the Show Cause Order was due on February 13, 2009. He did not respond.

Because the only relief Pettis sought was mooted by his release on November 28, 2008, I will deny his motion.

*Request for an Evidentiary Hearing*

Generally, 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their motion. However, there is a well-established exception to this rule when the record of the case conclusively establishes that the petitioner is entitled to no relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988); United States v. Gann, 807 F.3d 134, 135 (8th Cir. 1986). Because the record is absolutely clear that Pettis is entitled to no relief, I will not grant his request for an evidentiary hearing on the merits of this motion.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See* Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Pettis has not made such a showing on the grounds raised in his motion. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kenneth M. Pettis's Motion to Vacate, Set Aside, or Correct his Sentence [#1] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Petitioner Kenneth M. Pettis's Motion to Appoint Counsel [#6] is **DENIED as moot.**

Dated this 18th day of February, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE